## U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

USA _____ *vs.* Reality Winner _____ Appeal No. 17-15458-SS

11th Cir. R. 26.1 (enclosed) requires that a Certificate of Interested Persons and Corporate Disclosure Statement must be filed by the appellant with this court within 14 days after the date the appeal is docketed in this court, and must be included within the principal brief filed by any party, and included within any petition, answer, motion or response filed by any party. **You may use this form to fulfill this requirement.** In alphabetical order, with one name per line, please list the trial judge(s), and all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this case or appeal, including subsidiaries, conglomerates, affiliates and parent corporations, including any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party.

***(please type or print legibly)*:**

Baker, Donelson, Bearman, Caldwell & Berkowitz, PC

Barnard, Thomas H.

Bell & Brigham

Bell, Jr., John C.

Chester, Matthew S.

Epps, Brian K., U.S. Magistrate Judge

First Look Media

Hall, James Randal, U.S. District Judge

McCook, Jill E.

Nichols, Titus T.

Switzer, Brett A.

Winner, Reality Leigh

Whitley, Joe D.

11th Cir. R. 26.1-1 <u>Certificate of Interested Persons and Corporate Disclosure Statement:  Contents</u>.  A certificate shall be furnished by appellants, appellees, intervenors and amicus curiae, including governmental parties, which contains a complete list of the trial judge(s), all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of the particular case or appeal, including subsidiaries, conglomerates, affiliates and parent corporations, including any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party.  In criminal and criminal-related appeals, the certificate shall also disclose the identity of the victim(s).  In bankruptcy appeals, the certificate shall also identify the debtor, the members of the creditor's committee, any entity which is an active participant in the proceedings, and other entities whose stock or equity value may be substantially affected by the outcome of the proceedings.

The certificate contained in the first brief filed must include a complete list of all persons and entities known to that party to have an interest in the outcome of the particular case or appeal.  The certificate contained in the second and all subsequent briefs filed must include only persons and entities omitted from the certificate contained in the first brief filed and in any other brief that has been filed.  Counsel who believe that the certificate contained in the first brief filed and in any other brief that has been filed is complete may simply certify to that effect.

The certificate contained in each motion or petition filed must include a complete list of all persons and entities known to that party to have an interest in the outcome of the particular case or appeal.  The certificate contained in a response or answer to a motion or petition, or a reply to a response, must include only persons and entities that were omitted from the certificate contained in the motion or petition.  Counsel who believe that the certificate contained in the motion or petition is complete may simply certify to that effect.

In a petition for en banc consideration, the petitioner's certificate shall also compile and include a complete list of all persons and entities listed on all certificates filed in the appeal prior to the date of filing of the petition for en banc consideration.  If the court grants en banc rehearing, the requirements set forth in the second paragraph of this rule also apply to en banc briefs.

11th Cir. R. 26.1-2 <u>Certificate of Interested Persons and Corporate Disclosure Statement:  Time for Filing</u>.

(a)  The certificate described in 11th Cir. R. 26.1-1 must be filed by the appellant (and cross-appellant) with this court within 14 days after the date the appeal is docketed in this court, or along with the filing in this court by any party of any motion, petition, or pleading, whichever occurs first.

(b)  On the same day a certificate is served, the party filing it must also complete the court's web-based certificate at www.ca11.uscourts.gov, providing the information required by that form.  Pro se parties are not required or authorized to complete the web-based certificate.

(c)  Within 10 days after the filing of the initial certificate, the opposing party must file a notice either indicating that the certificate initially filed is correct and complete, or adding any interested persons or entities omitted from the initial certificate.

(d)  In the alternative, the parties may file a joint certificate within 10 days after the date the appeal is docketed in this court, or along with the filing in this court of any motion, petition, or pleading, whichever occurs first.

(e)  The certificate described in 11th Cir. R. 26.1-1 must be included within the principal brief filed by any party and also must be included in any petition, answer, motion or response filed by any party.  The clerk is not authorized to submit to the court any brief (except for the reply brief of an appellant or cross-appellant), petition, answer, motion or response that does not contain the certificate, but may receive and retain the papers pending supplementation of the papers with the required certificate.

(f)  After a party has filed its initial certificate, that party is required to notify the court immediately of any additions, deletions, corrections or other changes that should be made to its certificate.  A party must do so by filing an amended certificate with the court or by including an amended certificate with a party's brief, petition, answer, motion or response.  A party must:

(1)  prominently indicate on the amended certificate the fact that it has been amended, and

(2)  must clearly identify the person or entity that has been added, deleted, corrected or otherwise changed.

(g)  On the same day an amended certificate is served, that party must also update the web-based certificate to reflect the amendments.

(h)  If a party files an amendment that deletes a person or entity from a certificate, the opposing party must, within 10 days after the filing of the amended certificate, file a notice indicating whether or not it  agrees that the deletion is proper.

11th Cir. R. 26.1-3 Certificate of Interested Persons and Corporate Disclosure Statement:  Format.

(a)  The certificate described in 11th Cir. R. 26.1-1 must immediately follow the cover page within a brief, and must precede the text in a petition, answer, motion or response.

(b)  The certificate must list persons (last name first) and entities in alphabetical order, have only one column, and be double-spaced.

(c)  A corporate entity must be identified by its full corporate name as registered with a secretary of state's office and, if its stock is publicly listed, its stock ("ticker") symbol must be provided after the corporate name.

(d)  At the top of each page the court of appeals docket number and short style must be noted (name of first-listed plaintiff or petitioner v. name of first-listed defendant or respondent).  Each page of the certificate must be separately sequentially numbered to indicate the total number of pages comprising the certificate (e.g., C-1 of 3, C-2 of 3, C-3 of 3).  These pages do not count against any page limitations imposed on the papers filed.

Rev.: 1/10